UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDUARDO OROZCO PUENTE,<br><br>Petitioner,<br><br>v.<br><br>BRUCE SCOTT et al.,<br><br>Respondents. | CASE NO. 2:26-cv-03477-JNW<br><br>ORDER |

This matter comes before the Court on pro se Petitioner Eduardo Orozco Puente's petition for a writ of habeas corpus. Dkt. No. 1. Orozco Puente is a citizen of Mexico who has been in the custody of Immigration and Customs Enforcement (ICE) since August 11, 2026. Dkt. No. 6 ¶¶ 3, 11. He entered the United States on or about April 22, 2025, as a nonimmigrant temporary agricultural worker with permission to remain until July 25, 2025. *Id.* ¶ 3. On June 12, 2026, the Cedar City, Utah, Police Department arrested Orozco Puente on felony terrorism and two traffic and public intoxication misdemeanor charges. *Id.* ¶ 4. A Cedar City court dismissed all of the charges on August 3, 2026. *Id.* ¶ 5. Two days later, ICE served Orozco Puente with a Notice to Appear ("NTA") pursuant to Section 237(a)(1)(B) of the

Immigration and Nationality Act and a Notice of Custody Determination. *Id.* ¶ 8. On August 11, 2026, ICE transferred Orozco Puente from a Utah jail to the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington, where he remains in custody. *Id.* ¶ 11; Dkt. No. 1 at 2. Orozco Puente filed an application for immigration relief, and the Immigration Court scheduled a merits hearing for October 5, 2026. Dkt. No. 6 ¶ 14.

The Government contends Orozco Puente is lawfully detained under 8 U.S.C. § 1226(a) and agrees he is entitled to a bond redetermination hearing. Dkt. No. 5 at 3–4. Orozco Puente argues he had two bond hearings–on September 1 and September 8, 2026–that violated his right to due process and requests only immediate release as the remedy. Dkt. No. 1 at 5, 8–9. But the Government asserts Orozco Puente has not had a bond redetermination hearing. Dkt. No. 5 at 4. The Government's declaration states that Orozco Puente twice requested a bond determination and then withdrew both requests, Dkt. No. 6 ¶¶ 8, 12, while Orozco Puente argues the Immigration Judge refused to issue a decision on his bond request. Dkt. No. 1 at 5. Given the factual disputes that bear directly on whether Orozco Puente is entitled to habeas relief and which type of relief he seeks, as well as Orozco Puente's pro se status, the Court ORDERS as follows:

1. The Court REQUESTS that the Northwest Immigrant Rights Project ("NWIRP") or the Office of the Federal Public Defender ("FPD") consult with Orozco Puente and advise the Court by November 9, 2026, whether it will seek appointment in this case under 18 U.S.C. § 3006A(a)(2)(B);

2. If neither NWIRP nor FPD appear for Orozco Puente, the Court REQUESTS that NWIRP or FPD recommend an attorney who might have the requisite expertise and is willing to serve as appointed counsel for Orozco Puente.
3. The habeas petition and return, Dkt. Nos. 1 and 5, are RENOTED to November 9, 2026.
4. The Clerk is DIRECTED to send a copy of this Order to all counsel, Orozco Puente, Malou Chávez, Executive Director, and Matt Adams, Legal Director, of NWIRP, and the Office of the Federal Public Defender.

Dated this 27th day of October, 2026.

Jamal N. Whitehead
United States District Judge